Richard S. Mandel (rsm@cll.com)
Eric J. Shimanoff (ejs@cll.com)
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, NY 10036
(212) 790-9200
*Attorneys for Plaintiffs*

**JUDGE CROTTY**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

SOTHEBY'S and SPTC, INC.,

                    Plaintiffs,

   -against-

PARIS FURNITURE AND LIGHTING INC., GUO
SHENG HUANG and LIZA CHAUN SHUO
HUANG,

                 Defendants.

------------------------------------------------------------ x

Civil Action No.

**10 CIV 5752**

**COMPLAINT**

RECEIVED JUL 29 2010 U.S.D.C. S.D.N.Y. CASHIERS

     Plaintiffs Sotheby's and SPTC, Inc. (collectively, "Plaintiffs"), by and through their

undersigned counsel, as and for their Complaint, allege as follows:

## NATURE OF THE ACTION

    1.     This is an action for trademark infringement, false designation of origin,

trademark dilution and unfair competition arising out of Defendants' blatant attempt to ride on

the goodwill of Plaintiffs' world famous SOTHEBY'S mark by selling goods, including

furniture and lighting fixtures, under the mark SOTHESBY.

## THE PARTIES

    2.     Plaintiff Sotheby's is a Delaware corporation with a place of business at 1334

York Ave., New York, New York 10021.

    3.     Plaintiff SPTC, Inc., a wholly owned subsidiary of Sotheby's that owns the

SOTHEBY'S trademark and service mark in the United States, is a Nevada corporation with a place of business at 1400 South Virginia Street, Reno, Nevada 89502.

4.      Upon information and belief, Defendant Paris Furniture and Lighting Inc. is a New York corporation with places of business at 161 Bowery and 165 Bowery, New York, NY 10022.

5.      Upon information and belief, Defendant Guo Sheng Huang is an individual residing at 550G Grand Street, Apt. 4A, New York, NY 10002.

6.      Upon information and belief, Defendant Liza Chuan Shuo Huang is an individual residing at 550G Grand Street, Apt. 4A, New York, NY 10002.

## JURISDICTION AND VENUE

7.      The Court has subject matter jurisdiction over the federal trademark claims arising under the Lanham Trademark Act of 1946, as amended, 15 U.S.C. §1051 et seq., pursuant to 15 U.S.C. §§ 1121 and 28 U.S.C. §§ 1331 and 1338.  The Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. §1367.

8.      Personal jurisdiction and venue are proper in this judicial District because Defendants reside in this District.

## FACTS

### The SOTHEBY'S Mark

9.      Plaintiffs, their affiliated companies and their predecessors (collectively, "Sotheby's") have been engaged in the auction business since 1744, operating the oldest and most famous international auction house in the world under the name and mark SOTHEBY'S.

10.     Sotheby's specializes in auctions of over seventy categories of objects, including furniture, fine art, antiques, decorative art, jewelry, wines and other collectibles.  Auctions

conducted by Sotheby's have yielded impressive sales. In 2009 alone, Sotheby's conducted auction sales in excess of $2 billion. Since its foundation more than two and a half centuries ago, Sotheby's has evolved into a global company with operations in more than thirty countries around the world, including the United States.

11.     Sotheby's has been actively engaged for many years in selling fine furniture and providing financing, appraisal, transportation, research, education and conservation and restoration services relating to fine furniture. Sotheby's owns numerous United States trademark registrations for the SOTHEBY'S mark and marks containing or comprising the SOTHEBY'S mark (collectively, the "SOTHEBY Marks") for a wide variety of goods and services, including the following goods and services in the field of fine furniture:

- "wood and metal furniture; decorative mirrors; and sculptures of wood, bone, ivory, shell, amber or mother of pearl";

- "providing information via the global computer network in the field of . . . furniture . . . .";

- "appraisal services for others for fine furniture . . . .";

- "financial services, namely, providing loans to others relating to the purchase of fine furniture . . . .";

- "advancement of funds to others for fine furniture . . . consigned for sale at auctions";

- "providing loans to others secured by fine furniture . . . .";

- "conservation and restoration services in the field of fine furniture . . . .";

- "transportation services, namely, the transportation of fine furniture . . . by means of truck, airplane or train";

- "educational services, namely, conducting classes and seminars in the fields of fine furniture . . . ."; and

- "research advice and authentication services relating to the age, provenance, history and value of . . . furniture."

These registrations are valid, subsisting and in full force and effect, and in many instances have become incontestable. Copies of records from the United States Patent & Trademark Office reflecting Sotheby's' U.S. trademark registrations for the SOTHEBY'S Marks are attached hereto as Exhibit A.

12.     Sotheby's has extensively advertised and promoted its goods and services under the SOTHEBY'S Marks for many years through the extensive distribution of its auction catalogs, in major magazines and newspapers, via the Internet and through other means. Sotheby's and its licensees spend millions of dollars annually in advertising and promoting goods and services identified by the SOTHEBY'S Marks. Sotheby's has also been the subject of widespread unsolicited media coverage across the United States and internationally.

13.     As a result of the long and continuous use of the SOTHEBY'S Marks, and Sotheby's' substantial investment of time, money and effort in advertising and promoting such marks, the SOTHEBY'S Marks have become famous and have developed substantial public recognition among members of the consuming public. As such, the SOTHEBY'S Marks operate as a unique source identifiers associated with Sotheby's and possess significant goodwill of great value to Plaintiffs.

**Defendant's Unlawful Adoption of the SOTHEBY'S Mark**

14.     Upon information and belief, Defendant Paris Furniture and Lighting Inc. is engaged in the wholesale and retail furniture and lighting fixture business.

15.     Upon information and belief, Defendant Paris Furniture and Lighting Inc. owns and operates a wholesale and retail furniture and lighting fixture store doing business as European Crystal Chandelier, located at 161 Bowery, New York, NY 10022.

16.     Upon information and belief, Defendant Paris Furniture and Lighting Inc. owns

and operates a wholesale and retail furniture and lighting fixture store doing business as

Mandarin Dynasty, Inc., located at 165 Bowery, New York, NY 10022.

17.     Upon information and belief, Defendants Guo Sheng Huang and Liza Chuan Shuo

Huang own and/or control Defendant Paris Furniture and Lighting Inc. and its wholesale and

retail furniture and lighting fixture stores, and have directly participated in the infringing

activities described below.

18.     Upon information and belief, Defendants are offering for sale and selling, or

intend to offer to for sale and sell, in this District and elsewhere in interstate commerce, goods,

including furniture and lighting fixtures, under the trademark SOTHESBY.

19.     On or about September 19, 2009, Defendants Guo Sheng Huang and Liza Chuan

Shuo Huang filed with the United States Patent and Trademark Office Application Serial No.

77/830435 to register the trademark SOTHESBY (and Design) in International Class 20 for,

*inter alia*, various types of furniture.

20.     Upon information and belief, Defendants were aware of Sotheby's and Sotheby's

use of the SOTHEBY'S Marks at the time Defendants selected their SOTHESBY mark, and in

fact Defendants chose their SOTHESBY mark precisely because of its connection with

Plaintiffs' famous SOTHEBY'S Marks in order to trade on the goodwill and reputation of

Sotheby's and the SOTHEBY Marks.

21.     Defendants' use of the SOTHESBY mark is likely to cause confusion as to the

source and origin of Defendants' goods and to cause mistake, or to deceive the public by

misleading consumers into believing that Defendants' goods emanate from, are approved,

authorized, endorsed or sponsored by, or are in some way associated or connected with

Plaintiffs.

22.    On July 14, 2010, Plaintiffs' counsel sent a letter to Defendants advising them that their use of the SOTHESBY mark violated Plaintiffs' exclusive rights in the SOTHEBY'S Marks and demanding that Defendants cease any and all use of the SOTHESBY mark or any other marks confusingly similar to Plaintiffs' SOTHEBY'S Marks in connection with the sale of Defendants' goods, including furniture and lighting fixtures.  As of yet, Defendants have not indicated their willingness to cease all use of the SOTHESBY mark.

23.    Upon information and belief, unless and until Defendants are enjoined from any further unauthorized exploitation of the SOTHESBY mark, Defendants will continue to use such mark in violation of Plaintiffs' rights.

24.    Upon information and belief, by virtue of their unlawful conduct, Defendants have made or will make substantial profits and gains to which they are not in law or equity entitled.

25.    Upon information and belief, Defendants' actions have been undertaken in willful and blatant disregard of Plaintiffs' valuable trademark rights.

26.    As a result of Defendants' unlawful actions, Plaintiffs have been or will be damaged and have suffered, and will continue to suffer, immediate and irreparable injury for which Plaintiffs have no adequate remedy at law.

## COUNT I
### (Infringement of Registered Mark, Lanham Act §32(1)

27.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-26 above with the same force and effect as if set forth fully herein.

28.    Defendants' conduct as described above constitutes infringement of Plaintiffs' federally registered SOTHEBY'S Marks in violation of Section 32(1) of the Lanham Act of 1946, as amended (15 U.S.C. §1114(1)).

## COUNT II
### (False Designation of Origin, Lanham Act, §43(a))

29.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-26 above with the same force and effect as if set forth fully herein.

30.     Defendants' conduct as described above constitutes the use in commerce of false designations of origin, and false or misleading descriptions of fact or false and misleading representations of fact in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

## COUNT III
### (Federal Dilution, Lanham Act §43(c))

31.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-26 above with the same force and effect as if set forth fully herein.

32.     The SOTHEBY'S Marks are famous and distinctive and enjoyed such fame and distinctiveness since long prior to Defendants' adoption and use of the SOTHESBY mark.

33.     Defendants' conduct as described above is likely to cause dilution of the distinctive quality of the famous and distinctive SOTHEBY'S Marks, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

## COUNT IV
### (Unfair Competition)

34.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-26 above with the same force and effect as if set forth fully herein.

35.     Defendants' conduct as described above constitutes unfair competition under the common law of the State of New York.

## COUNT V
### (State Dilution, New York General Business, §360-l)

36.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-26 above

with the same force and effect as if set forth fully herein.

37.    Defendants' conduct as described above causes a likelihood of dilution of the distinctive quality of the SOTHEBY'S Marks, in violation of New York General Business Law § 360-l.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants as follows:

A.    Ordering that Defendants and their agents, servants, representatives, employees, successors and assigns, and all those persons or entities in active concert or participation with any of them who receive actual notice of the injunctive order, be enjoined, preliminarily and permanently, from using any marks containing, comprising or confusingly similar to the SOTHEBY'S Marks, including without limitation the mark SOTHESBY.

B.    Ordering that all merchandise, signs, advertising, marketing and promotional materials, packing materials, wrappings, catalogs, decals, stationery, work orders, or other goods or printed matter bearing the SOTHESBY mark or any other mark confusingly similar to the SOTHEBY'S Marks, and all machinery, plates, molds, matrices or other material for producing, printing, or distributing such items in Defendants' possession, custody or control, be delivered up for destruction or other disposition at Plaintiffs' sole discretion.

C.    Ordering that Defendants be directed to file with the Court and serve upon Plaintiffs, within 30 days after entry of final judgment, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the provisions set forth in Paragraphs A through B above.

D.    Ordering Defendants to account to Plaintiffs for all gains, profits and advantages derived from Defendants' wrongful acts, together with interest therein.

E.      Ordering Defendants pay to Plaintiffs any damages sustained by Plaintiffs by reason of Defendants' wrongful acts in an amount to be determined at trial, together with interest therein.

F.      Ordering that as exemplary damages Plaintiffs recover from Defendants three times the amount of Defendants' profits or Plaintiffs' damages, whichever is greater, for willful infringement and dilution.

G.      Ordering Defendants to pay punitive damages in an amount to be determined at trial as a result of their willful conduct.

H.      Ordering that Plaintiffs recover their reasonable attorneys' fees from Defendants, together with the costs of this action.

I.      Ordering that Plaintiffs be granted such other and further relief as the Court deems just and proper.


Dated: New York, New York          Respectfully submitted,
       July 29, 2010

                                   COWAN LIEBOWITZ & LATMAN, P.C.

                                   By:
                                       Richard S. Mandel (rsm@cll.com)
                                       Eric J. Shimanoff (ejs@cll.com)
                                   1133 Avenue of the Americas
                                   New York, New York 10036-6799
                                   (212) 790-9200
                                   *Attorneys for Plaintiffs*